# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CLIFTON PAUL MOFFAT,

        Petitioner,         Case Number: 2:08-CV-14571

v.        HONORABLE DENISE PAGE HOOD

HUGH WOLFENBARGER,

        Respondent.

_____/

## ORDER (1) CONSTRUING PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY AS MOTION FOR RECONSIDERATION, (2) DENYING MOTION FOR RECONSIDERATION, AND (3) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS APPEAL

Petitioner Clifton Paul Moffat filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction for first-degree premeditated murder. On September 30, 2011, the Court issued an "Opinion and Order Denying Petition for Writ of Habeas Corpus and Denying Certificate of Appealability." Petitioner has filed a "Motion for Certificate of Appealability." Because the Court already has denied a certificate of appealability (COA), the Court construes Petitioner's motion as requesting reconsideration of that denial. Petitioner also has filed an "Application to Proceed In Forma Pauperis on Appeal."

Motions for reconsideration may be granted when the moving party shows (1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the correction of which will result in a different disposition of the case. E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest or plain." *Olson v. The Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich. 2004).

Petitioner asks the Court to reconsider its denial of a certificate of appealability. The Court declined to issue a COA because reasonable jurists could not "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" or that the issues presented were "adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted).

Petitioner's arguments for reconsideration amount to a disagreement with the Court's decision. A motion predicated on such an argument is an insufficient ground upon which to grant reconsideration. L.R. 7.1(h)(3); *see also, Meekison v. Ohio Dept. of Rehabilitation and Correction*, 181 F.R.D. 571, 572 (S.D. Ohio 1998). Petitioner fails to demonstrate that the Court's decision denying a COA was based upon a palpable defect by which the Court was misled.

Petitioner has filed an "Application to Proceed *In Forma Pauperis* on Appeal." Federal Rule of Appellate Procedure 24(a)(1) provides that a party to a district-court action who desires to appeal *in forma pauperis* must file a motion in the district court. An appeal may not be taken *in forma pauperis* if the court determines that it is not taken in good faith. 28 U.S.C. § 1915(a)(3). "[T]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." *U.S. v. Cahill-Masching*, 2002 WL 15701, * 3 (N.D. Ill. Jan. 4, 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000). Although the Court held that a certificate of appealability should not issue, the Court concludes that an appeal in this case may be taken in good faith. The Court, therefore, grants Petitioner's "Application to Proceed *In*

*Forma Pauperis* on Appeal."

Accordingly, IT IS ORDERED that Petitioner's "Motion for Certificate of Appealability" [dkt. # 15], which the court has construed as a "Motion for Reconsideration" is DENIED.  As previously ruled by the Court, a Certificate of Appealability is not issued in this case.

IT IS FURTHER ORDERED that Petitioner's "Application to Proceed *In Forma Pauperis* on Appeal" [dkt. #16] is GRANTED.

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  November 30, 2011

I hereby certify that a copy of the foregoing document was served upon Clifton Moffat, 511589, Carson City Correctional Facility, 10522 Boyer Road, Carson City, MI 48811 and counsel of record on November 30, 2011, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager